IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| CHRISTOPHER SOREY, | ) |
|     Plaintiff, | ) NO. 3:23-cv-00181 |
| v. | ) JUDGE RICHARDSON |
| WILSON COUNTY BOOK REVIEW COMMITTEE, et al., | ) |
|     Defendants. | ) |

# **MEMORANDUM OPINION AND ORDER**

Pending before the Court is Plaintiff's motion for a preliminary injunction (Doc. No. 1-2 at 4, "Motion").[1] Plaintiff filed a memorandum in support of the preliminary-injunction motion (Doc. No. 1-2 at 6). Defendants filed a Response thereto (Doc. No. 18).

For the reasons discussed herein, the Court will deny without prejudice Plaintiff's preliminary-injunction motion.

## BACKGROUND[2]

Defendant Wilson County Board of Education is the school board for Wilson County, Tennessee. Defendant Wilson County Book Review Committee ("Book Review") was created to evaluate the library materials in Wilson County schools. Plaintiff Christopher Sorey is a Wilson County resident.

---

[1] Originally styled as an "Application for Temporary Injunction," the Court construes the Motion as requesting a preliminary injunction. (Doc. No. 7 at 3).

[2] The following facts are undisputed, and the Court takes them as true for the purposes of the Motion.

Plaintiff filed the Motion, seeking an injunction i) "ordering the Book Review Committee to publish adequate public notice of its meetings in advance of them," and ii) "forbidding the Book Review Committee from meeting without publishing adequate public notice." (Doc. No. 1-2 at 4). Thereafter, the Response was filed.

## LEGAL STANDARD

"Those seeking a preliminary injunction must meet several requirements. They must show a likelihood of success on the merits. They must show irreparable harm in the absence of the injunction. They must show that the balance of equities favors them. And they must show that the public interest favors an injunction." *Sisters for Life, Inc. v. Louisville-Jefferson Cnty.*, 56 F.4th 400, 403 (6th Cir. 2022) (citations omitted).

## DISCUSSION

Plaintiff argues that he faces irreparable harm absent a preliminary injunction because he will be "deprived of his right to participate in government." (Doc. No. 1-2 at 14). Defendants argues that Plaintiff does not satisfy the irreparable harm requirement because "the Wilson County Book Review Committee does not have any meetings scheduled nor are any anticipated to be scheduled in the near future." (Doc. No. 18 at 10).

"If the plaintiff isn't facing imminent and irreparable injury, there's no need to grant relief *now* as opposed to at the end of the lawsuit." *D.T. v. Sumner Cty. Schs.* 942 F.3d 324, 327 (6th Cir. 2019). The irreparable harm facing Plaintiff absent an injunction "must be both certain and immediate[.]" *Id.* (citations and quotations omitted).

The Court finds that Plaintiff has not demonstrated imminent, irreparable harm necessary to succeed on his Motion. Though Plaintiff perhaps would be deprived of a right to participate in Book Review meetings if the Book Review Committee held a meeting without notice, there is no

indication that the Book Review will imminently hold a meeting. Book Review meetings are held only when an interested person requests review of school materials and the request is not resolved at the building level.[3] Thus, meetings are not held with regularity and are not necessarily imminent. Absent any Book Review meetings, there is no risk of depriving Plaintiff of his alleged "right to participate in government." Therefore, the "irreparable harm" requirement is not met, and so a preliminary injunction is unwarranted.

## CONCLUSION

For the reasons discussed herein, Plaintiff's preliminary-injunction motion is DENIED without prejudice. If Defendants schedule a Book Review meeting, Plaintiff may refile his motion for preliminary injunction.

*Eli Richardson*
ELI RICHARDSON
UNITED STATES DISTRICT JUDGE

---

[3] Board Policy 4.403 ("Any student, parent/guardian, staff member, or Wilson County resident may request review and reconsideration of specific items in school collections of materials. An attempt must be made at the building level to informally resolve the concern with the school principal. If not resolved, the complainant can appeal to the Director of Schools in writing requesting review and reconsideration of the instructional material. The Director of Schools will appoint an administrative committee made up of a school librarian, a parent, a school administrator, and the Deputy Director of Academics.").