IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
AT NASHVILLE

| | |
|---|---|
| CHRISTOPHER SOREY ) | |
| ) | Case No. 3:23-cv-00181 |
| v. ) | Judge Richardson |
| ) | Magistrate Judge Holmes |
| WILSON COUNTY BOOK REVIEW ) | |
| COMMITTEE aka WILSON COUNTY ) | |
| DISTRICT BOOK APPEAL ) | |
| COMMITTEE *et al.* ) | |

**MEMORANDUM OPINION AND ORDER**

Pending before the Court is Plaintiff's motion to amend complaint. (Docket No. 31.) Defendants filed a response in opposition (Docket No. 33) and Plaintiff filed a reply (Docket No. 34). For the reasons discussed below, Plaintiff's motion to amend (Docket No. 31) is GRANTED.

The Clerk is directed to separately file the first amended complaint and exhibits, which are presently found at Docket Nos. 31-1 through 31-4. Once filed, the first amended complaint becomes the legally operative complaint, *Parry v. Mohawk Motors of Mich., Inc.*, 236 F.3d 299, 306 (6th Cir. 2000), which renders moot Plaintiff's pending motion for partial summary judgment. (Docket No. 12.) The Clerk is therefore directed to TERMINATE that motion without prejudice to refiling as to the first amended complaint, provided permission is granted for the filing of a partial motion for summary judgment. *See* Initial Case Management Order (Docket No. 26) at para. J.[1] Further, Defendants shall answer or otherwise respond to the first amended complaint as directed by Rule 15(a)(3) of the Federal Rules of Civil Procedure.

---

[1] The Court recognizes that the motion for partial summary judgment is an evidentiary supported motion rather than one based solely on the pleadings. Nevertheless, because any motion for summary judgment must necessarily arise out of allegations in a pleading, the Court finds that termination of the partial summary judgment motion without prejudice to refiling as to the first

## A. Background

Familiarity with this case is presumed and the background and procedural history are recited here only as necessary to explain or give context to the Court's ruling.[2] Defendant Wilson County Board of Education is the school board for Wilson County, Tennessee. Defendant Wilson County Book Review Committee ("Book Review Committee") was created to evaluate the library materials in Wilson County schools. Plaintiff Christopher Sorey is a Wilson County resident. In bringing this case, which was removed from Wilson County Chancery Court on or about March 1, 2023 (Docket No. 1), Plaintiff seeks relief for what he alleges are actions of the Book Review Committee in violation of the provisions of Tennessee's Open Meetings Act. *See* Tenn. Code Ann. § 8-44-101 *et seq*. Defendants dispute the allegations.

Shortly after the case was removed to federal court, Plaintiff filed a motion for partial summary judgment (Docket No. 13), which remains pending. Following an initial case management conference on June 6, 2023, a case management schedule was set in the Court's Initial Case Management Order entered on June 6, 2023. (Docket No. 26.) The Initial Case Management Order, among other provisions, set a deadline of November 9, 2023 for amendment motions (*id*. at para. H) and a deadline of March 1, 2024 to complete fact discovery (*id*. at para. G). Trial is set for January 14, 2025. (Docket No. 29.)

On July 17, 2023, Plaintiff filed the instant motion to amend (Docket No. 31), in which he seeks leave to amend to add factual allegations regarding additional meetings purportedly held by

---

amended complaint is consistent with applicable law on the operative effect of an amended pleading. The Court also recognizes that the outcome is relied on by Defendants as an instance of prejudice, which the Court addresses in more detail below.

[2] The recited background and procedural history are taken from the record and, unless otherwise noted, are generally undisputed.

the Book Review Committee and regarding competency of records of the Book Review Committee's meetings. (Docket No. 31 at 2–3.) Plaintiff's proposed first amended complaint also includes an additional Plaintiff, Lauren Sorey, a current Wilson County high school student. (*Id*. at 3.)

Defendants oppose the proposed amendments based on their contentions that the amendment will result in undue prejudice and that the motion was filed in bad faith. (Docket No. 33.) Defendants assert that these circumstances warrant denial of the requested amendment.

## B. Legal Standards and Analysis

Although the Sixth Circuit has not addressed whether a motion to amend is a dispositive or non-dispositive motion, most of the district courts in the Sixth Circuit, including this court, consider an order on a motion to amend to be non-dispositive. *See, e.g.*, *Gentry v. Tennessee Bd. of Jud. Conduct*, No. 3:17–cv–00020, 2017 WL 2362494, at *1 (M.D. Tenn. May 31, 2017) ("Courts have uniformly held that motions to amend complaints are non-dispositive matters that may be determined by the magistrate judge and reviewed under the clearly erroneous or contrary to law standard of review[.]") (citations omitted); *Chinn v. Jenkins*, No. 3:02-cv-512, 2017 WL 1177610 (S.D. Ohio Mar. 31, 2017) (order denying motion to amend is not dispositive); *Young v. Jackson*, No. 12–cv–12751, 2014 WL 4272768, at *1 (E.D. Mich. Aug. 29, 2014) ("A denial of a motion to amend is a non-dispositive order."); *Hira v. New York Life Ins. Co.*, No. 3:12–CV–373, 2014 WL 2177799, at *1–2 (E.D. Tenn. May 23, 2014) (magistrate judge's order on motion to amend was appropriate and within his authority because motion to amend is non-dispositive); *U.S. v. Hunter*, Nos. 3:06-cr-061, 3:12-cv-302, 2013 WL 5820251, at *1 (S.D. Ohio Oct. 29, 2013) (stating that a magistrate judge's orders denying petitioner's motions to amend a petition pursuant to 28 U.S.C. § 2855 were non-dispositive).

Rule 15, which governs the Court's consideration of the pending motion, states that leave to amend a pleading should be "freely given when justice so requires." Fed. R. Civ. P. 15(a).[3] This mandate follows the principle that a plaintiff's claims ought to be decided on the merits "rather than the technicalities of pleadings." *Moore v. City of Paducah*, 790 F.2d 557, 559 (6th Cir. 1986) (quoting *Tefft v. Seward,* 689 F.2d 637, 639 (6th Cir. 1982)) (cleaned up). Sixth Circuit precedent clearly "manifests liberality in allowing amendments to a complaint." *Newberry v. Silverman*, 789 F.3d 636, 645 (6th Cir. 2015) (quoting *Janikowski v. Bendix Corp.*, 823 F.2d 945, 951 (6th Cir. 1987)) (cleaned up). Absent "any apparent or declared reason," such as undue delay, bad faith or dilatory motive, repeated failure to cure deficiencies by prior amendments, undue prejudice to the opposing party, or futility of the amendment, the court should adhere to the rules requirement of freely giving leave to amend. *Leary v. Daeschner*, 349 F.3d 888, 905 (6th Cir. 2003). The determination as to whether justice requires permission to amend the pleading is within the district court's sound discretion. *Moore*, 790 F.2d at 559 (internal citations omitted). For the reasons discussed below, the Court finds that Rule 15's liberal standard of allowing amendments is not overcome by any other considerations under the circumstances of this case, including undue prejudice or bad faith.

To prevail, "the party opposing a motion to amend must make some significant showing of prejudice to prevail." *Security Ins. Co. of Hartford v. Tucker & Assoc.*, 64 F.3d 1001, 1009 (6th Cir. 1995). Defendants correctly recite the standard for undue prejudice, namely whether the amendment would require the opposing party to expend significant additional resources to conduct discovery and prepare for trial or significantly delay resolution of the dispute. *Phelps v. McClellan*,

---

[3] Unless otherwise noted, all references to rules to are to the Federal Rules of Civil Procedure.

30 F.3d 658, 663 (6th Cir. 1994). The Court cannot, however, find undue prejudice to Defendants in any of the circumstances they describe.

Defendants argue that permitting the requested amendment will require additional discovery, which it undoubtedly will. But the fatal defect in Defendants' argument is that there is no support for their position that the necessity of some additional discovery is alone enough to warrant denial of a motion to amend, especially when a case is in the earliest stages of discovery, as this case is, with apparently only some written discovery having been propounded.[4] There is no indication that significant time or resources have been spent on discovery to-date. Moreover, the discovery deadline is more than seven months away, which means, without question, that substantially more discovery will occur in this case. That the additional discovery will now be more expansive does not result in any prejudice to Defendants, much less a level of prejudice that supports denial of Plaintiff's proposed amendment. *Cf. Duggins v. Steak 'N Shake, Inc.*, 195 F.3d

---

[4] Plaintiff states in his August 2 reply that Defendants have not yet propounded written discovery (Docket No. 34 at 2, n.1), contrary to the insinuation in Defendants' response. Defendants' response states generally as follows:

> In this case, the Plaintiff should not be permitted to amend his Complaint because it will result in undue prejudice to the Defendants on a multitude of grounds. Specifically, the parties have already sent discovery based on the original complaint. If the Court permits the Plaintiff to amend his Complaint, the parties will be required to serve additional discovery to conform to the new allegations. Further, the Plaintiff's addition of a new Plaintiff, Lauren Sorey, will require the Defendant to serve additional discovery on Ms. Sorey, as well as supplemental Rule 26 Initial Disclosures.

(Docket No. 33 at 2.) The Court finds there is no undue prejudice to Defendants without deciding the truthfulness or accuracy of their statements about the status of discovery. Whether discovery has been mostly one-sided at this point or both sides have propounded a first round of written discovery will not change the outcome. Nevertheless, the Court notes that this passage is very carefully worded to give the impression that Defendants have already sent discovery, without explicitly stating so. The Court is not impressed with Defendants' lack of clarity.

828, 834 (6th Cir. 1999) (collection of cases holding that allowing amendment after the close of discovery creates significant prejudice).

Defendants' argument that the amendment is prejudicial because it may generate an additional round of dispositive motion briefing fares no better. Generally, "another round of motion practice" is an inconvenience, but "such inconvenience does not rise to the level of prejudice that would warrant denial of leave to amend." *Morse v. McWhorter*, 290 F.3d 795, 801 (6th Cir. 2002). And because the new claims and allegations are within the scope of the prior complaint, Defendants will not incur significant additional costs in discovery or developing a new defense strategy.

Nor will the amendment unduly delay this case, even with the possible postponement of the currently pending motion for partial summary judgment. The partial summary judgment motion already filed by Plaintiff in the earliest days of this case is out-of-the-ordinary, to say the least. Further, the Court's standard procedures typically require that a party seeking partial summary judgment must obtain the Court's permission for the filing of such a motion. Because Plaintiff filed his motion prior to the initial case management conference in this case, the restriction on motions for partial summary judgment was not yet in place.[5] Now, Plaintiffs must request and be granted leave to refile a motion for partial summary judgment.[6] That this may mean some

---

[5] Although Plaintiff's counsel, who regularly practices in this Court, should certainly have been aware of the Court's procedures for partial summary judgment motions, which are incorporated in both Judge Richardson's and the undersigned's sample initial case management orders found on the Court's website.

[6] To that end, Plaintiffs must, as justification for filing a motion for partial summary judgment, demonstrate the specific economy of time and expense for the parties, counsel, and the Court that will result from allowing the motion to be filed. *See, e.g.*, *White's Landing Fisheries, Inc. v. Buchholzer*, 29 F.3d 229, 231 (6th Cir. 1994) (responding party must be afforded opportunity for discovery before responding to summary judgment motion); *Capitani v. World of Miniature Bears, Inc.*, No. 3:19-cv-00120, 2020 WL 6439512, at *1 (M.D. Tenn. Apr. 17, 2020)

duplication of work is not lost on the Court. However, that is, in many instances, simply an inevitable consequence of Rule 15(a)(1)(B). Further, to the extent that another partial summary judgment motion is filed (with permission) that largely mirrors the one previously filed, Defendants can craft a response that is substantially similar to their previous one, likely with very little additional time or effort. Further, whatever delay results from the permitted refiling of a motion for partial summary judgment is not prejudicial. Delay alone does not justify denial of a motion for leave to amend. The Sixth Circuit has made clear that "[d]elay that is not intended to harass the defendant is not in itself a permissible reason to refuse leave to amend." *Parmer v. Globe Industries, Inc.*, 914 F.2d 257 (Table), at *3 (6th Cir. 1990) (citing *Tefft v. Seward*, 689 F.2d 637, 639 (6th Cir. 1982))*; see also Dassault Systemes, SA v. Childress*, 663 F.3d 832, 842 (6th Cir.) (delay and increased costs from having to litigate a dispute that the opposing should reasonably have expected to litigate are not sufficient prejudice). The Court finds no indication that Plaintiff's amendment is intended to harass Defendants. In short, there is no basis from which the Court can find that Plaintiff's proposed amendment will require Defendants to expend significant additional resources to conduct discovery and prepare for trial or that the amendment will significantly delay resolution of the parties' dispute. In the absence of such findings, there is no resulting undue prejudice to Defendants from the proposed amendment.

Likewise, the Court does not find that Plaintiff acted in bad faith in seeking leave to amend his complaint. Plaintiff filed his amendment motion consistent with – indeed, well before – the deadlines in the case management scheduling order for motions to amend and for completion of fact discovery. Certainly, Plaintiff did not sit on his hands waiting to amend until significant time

---

(Crenshaw, J.) (defendant not required to respond to a motion for summary judgment that was filed prior to the close of discovery).

and resources had already been expended on discovery or until the eve of trial. Nor has Plaintiff repeatedly failed to cure deficiencies in his complaint by previous amendments.

The supposed bad faith described by Defendants consists primarily of contests over the veracity of Plaintiff's allegations in the proposed first amended complaint. (Docket No. 33 at 3–5.) Such disputes may properly be raised in some other context but are not ones the Court is going to address or decide in the context of a motion for leave to amend.

From the circumstances presented in Plaintiff's motion to amend, Defendants' response in opposition, and Plaintiff's reply, the Court finds that all the key factors to be considered weigh in favor of allowing Plaintiff to amend his complaint. Moreover, the Court acknowledges the well-settled principle that "federal courts have a strong preference for trials on the merits." *Clark v. Johnson*, 413 F. App'x 804, 819 (6th Cir. 2011). There being no compelling reasons to deny the motion for leave to amend under Rule 15(a)(2), the Court will allow the amendment.

### C. Conclusion

For all these reasons, Plaintiff's motion to amend (Docket No. 31) is GRANTED. The Clerk is directed to separately file the first amended complaint and exhibits, which are presently found at Docket Nos. 31-1 through 31-4. Further, as the legally operative complaint, the first amended complaint renders moot Plaintiff's pending motion for partial summary judgment (Docket No. 12), and the Clerk is therefore directed to TERMINATE that motion without prejudice to refiling as to the first amended complaint, provided permission is granted for the filing of a partial motion for summary judgment. *See* Initial Case Management Order (Docket No. 26) at para. J.

Finally, Defendants shall answer or otherwise respond to the first amended complaint as directed by Rule 15(a)(3) of the Federal Rules of Civil Procedure.

It is SO ORDERED.

_____
BARBARA D. HOLMES
United States Magistrate Judge

9

Case 3:23-cv-00181   Document 35   Filed 08/15/23   Page 9 of 9 PageID #: 561